IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAI HOSPITALITY INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-cv-4231 |
| ) | |
| SAQIB KHAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment and Dismissal (Doc. 51). Plaintiff has failed to respond to this motion. For the following reasons, Defendants' Motion will be **GRANTED**.

This case has been on the Court's docket now for more than two years.[1] From the beginning, the parties have failed to litigate this matter in an expeditious fashion. A few examples of the parties' conduct is illustrative. Magistrate Judge Frazier initially set this matter for a telephonic scheduling and discovery conference in April 2004 (Doc. 13). Plaintiff failed to place the call as required by Judge Frazier's order and Defendants made no attempt to contact the Court regarding this failure. As a result, Judge Frazier ordered both parties to show cause on or before April 30, 2004 why they should not be sanctioned for the failure to comply with his order (Doc. 15). Defendants did not respond to this order until August 20, 2004 (Doc. 22); Plaintiff never responded at all. In light of this failure, Judge Frazier set the discovery schedule

---

[1] The case was transferred from the Northern District of Illinois in late November 2003 (Doc. 8).

in this case without the parties' input (Doc. 29). Pursuant to this order, all discovery was to be completed by December 6, 2004. Apparently, the parties conducted little, if any discovery. As for the Defendants, this was no doubt due to their failure to pay their attorneys. At a final pre-trial conference held April 20, 2005, the Court granted Defendants' attorneys leave to withdraw in light of Defendants' failure to pay their fees. (Doc. 35). At this hearing, Plaintiff's counsel indicated that his client would be willing to dismiss this action if Defendants dismissed certain other cases they had pending against Plaintiff and plaintiff's owners, Mohammed Yusif Tai and Shahnaz Tai. Nothing came out of this apparent willingness to settle.

This Court held another telephone status conference on June 16, 2005, which Defendants failed to participate in. Plaintiff's attorney represented to the Court at this time that he would move for a default judgment, which he failed to do. The Court scheduled another telephone status conference for September 19, 2005. The conference was never held because Plaintiff's attorney failed to initiate the phone call as required by the Court. At this point, the Court set this matter for a Bench Trial to be held on October 17, 2005. In the interim, Defendant Saqib Khan filed a motion *pro se* seeking to enforce a tentative settlement the parties had apparently reached. According to correspondence between Defendants' previous attorneys and Plaintiff's counsel – which was attached to Khan's motion – the parties had reached a tentative settlement. Apparently, Plaintiff's counsel was to file the appropriate settlement documents with the Court, but never did. In any event, the Court denied Khan's motion. Five days before the trial was to be held, Plaintiff's counsel filed an "Emergency Motion to Continue Trial" requesting a continuance because he had other matters scheduled for that day. The Court granted this motion and rescheduled the trial for November 28, 2005 (Doc. 45). On November 17, Defendants' new

attorney entered an appearance in this matter and requested leave to file a motion for summary judgment (Doc. 49).  The Court granted Defendants leave to file the motion for summary judgment, vacated the trial setting for November 28 and set the matter for a final-pretrial conference on that same date (Doc. 50).  Though the matter had been set for over 6 weeks, Plaintiff's attorney failed to appear at the final pre-trial conference and failed to file a written motion to continue.  Plaintiff's attorney, Mark J. Thomas, left a voice mail message with the Court on Wednesday, November 23 at 3:30 p.m. indicating he was to have surgery over the weekend and would be unable to make it to court the following Monday.  The Court did not receive the message until the morning of the 28th.  It is not clear why Mr. Thomas did not file a motion for a continuance or contact the Court earlier regarding the surgery he had apparently planned to have over the Thanksgiving holiday weekend.  In any event, the Court scheduled this matter for a bench trial on January 17, 2006.  At this time, Plaintiff has failed to respond to Defendants' motion for summary judgment.

   S.D. Ill. Local R. 7.1(c) invests this Court with the discretion to treat a party's failure to respond to a motion for summary judgment as an admission of the merits of the motion. Pursuant to this rule, the Court construes Plaintiff's failure to respond as an admission of the merits of this motion.  Though further discussion is not needed, the court will briefly address the jurisdictional issues presented in Defendants' motion.  Defendants claim they are entitled to summary judgment on Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 *et seq*., which serves as the basis for federal jurisdiction in this case.  To obtain relief on its RICO claim, Plaintiff must show that Defendants engaged in a pattern of racketeering activity.  18 U.S.C. § 1962.  A pattern of racketeering

activity consists of at least two predicate acts of racketeering committed within a ten-year period. 18 U.S.C. § 1961. To make this showing, a plaintiff must satisfy the "continuity plus relationship" test, which requires that "the predicate acts must be related to one another (the relationship prong) *and* pose a threat of continued criminal activity (the continuity prong)." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992). As the Court has accepted Defendants' version of the facts presented in their summary judgment motion, the Court finds that Plaintiff cannot satisfy the continuity prong.

Plaintiff has alleged a "close-ended" period of racketeering activity in its complaint. *See id*. Thus, Plaintiff must prove that this activity continued for a "substantial period of time." *Id*. (quoting *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 242 (1989)). Though somewhat hesitant to construct a bright line period of time which is "substantial" for these purposes, the Seventh Circuit had indicated that a period less than 9 months is probably insufficient. *420 E. Ohio Ltd. P'Ship v. Cocose*, 980 F.2d 1222, 1225 (7th Cir. 1992) ("[W]e do not believe six months qualifies as [a] 'substantial period of time'"); *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 780 (7th Cir. 1994) ("The cases in our circuit . . . demonstrate that a time frame of less than nine months likely does not satisfy the duration requirement."). As the period of activity in this case lasted for less than six months, the activity did not continue for a "substantial period of time." As a result of the failure to meet this prong, Defendants are entitled to summary judgment. Additionally, Plaintiff has failed to comply with the requirements for properly pleading a RICO violation. Among other defects, Plaintiff failed to allege the RICO section which Defendants violated. *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1251(7th Cir. 1989) ("[I]t is essential to plead precisely in a RICO case . . . the

RICO section allegedly violated."). More fundamental defects inhere in Plaintiff's failure to identify the acts taken by each individual defendant sufficiently to "reasonably notify [them] of their purported role in the scheme," *Vicom*, 20 F.3d at 777-78, and failure to adequately identify the time and place of the alleged predicate acts. *Midwest Grinding*, 976 F.2d at 1020. In short, Plaintiff's complaint was drafted in the same manner this case was prosecuted. For the foregoing reasons, Defendants' motion for summary judgment on Count I of Plaintiff's complaint is **GRANTED**.

After dismissing the claim which brought Plaintiff into federal court, the Court must determine whether to exercise jurisdiction on the remaining claims. 28 U.S.C. § 1367(c)(3). Generally, when a jurisdiction-conferring claim is dismissed before trial a court may freely dismiss the remaining state law claims. *Miller Aviation v. Milwaukee County Bd. Of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001). However, in certain cases, considerations of judicial economy, fairness and convenience militate in favor of the retention of jurisdiction. Thus, retention is appropriate when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* (internal quotations and citations omitted). This case has certainly been on the Court's docket for some time. This is not to say, however, that "substantial judicial resources have been committed." In the normal case, overseeing the progress of litigation for two years would require significant involvement by the Court. Here, the Court's oversight was limited to occasions where one or both parties failed to comply with orders or failed to participate in scheduled conferences. In fact, the instant motion is the first substantive motion that has been filed in the case. Based on the representations in Defendants' motion, little, if any discovery has

been conducted by the parties. Plaintiff apparently failed to make the initial disclosures required under Fed.R.Civ.P. 26(a)(1) and failed to respond to Defendants' other discovery requests. Given this posture, the Court feels that the dismissal of Plaintiff's remaining claims is appropriate.

## CONCLUSION

In sum, Defendants' motion for summary judgment is **GRANTED** and Count I of Plaintiff's complaint is **DISMISSED with prejudice.** The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining claims, which are hereby **dismissed without prejudice**. Further, the trial setting in this matter is **VACATED**. The Court **DIRECTS** the Clerk of the Court to enter judgment accordingly.

    **IT IS SO ORDERED.**

    Dated: January 9, 2005.

                                        /s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. District Judge**